Richard V. Mack, No. 013313
 *rvm@manningllp.com*
Evan P. Schube, No. 028849
 *eps@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
3636 N. Central Avenue
11th Floor
Phoenix, Arizona 85012
Telephone: (602) 313-5469
Facsimile: (602) 313-5499

*Attorneys for Third-Party Defendants*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| Gillette Investments, LLC, | Case No. 2:14-bk-14411-BKM |
| Debtor. | Adversary No. 2:15--ap--00116--BKM |
| LESLIE C. BUTTERS and LYNN M. BUTTERS, a married couple, | **STATEMENT OF REASONABLE ATTORNEYS' FEES AND COSTS** |
| Plaintiffs, | |
| v. | |
| ROBERT MORALES, an individual dba AGUA FRIA PLACER(S) MINING COMPANY; ANDREW P. MORALES, an individual and dba AGUA FRIA PLACER(S) MINING COMPANY; and GILLETTE INVESTMENTS, LLC, an Arizona limited liability company, | |
| Defendants/Counterclaimant/Third-Party Plaintiffs, | |
| v. | |
| RUSS LYON SOTHEBY'S HOLDINGS, LLC, dba Russ Lyon Sotheby's International Realty, and Arizona limited liability company, | |
| Third-Party Defendants. | |

Third-Party Defendant Russ Lyon Sotheby's Holdings, LLC ("Russ Lyon"), by and through undersigned counsel, and pursuant to *Russ Lyon's Motion to Compel Responses To Discovery Requests And Request For Sanctions* (the "Motion") [Adv. Proc. Doc. No. 45], the Court's Minute Entry dated March 2, 2016 (the "Minute Entry") [Doc. No. 64], and Rule 37(a) of the Fed. R. Civ. P. (the "Rules"), hereby files this *Statement of Reasonable Attorneys' Fees and Costs* (the "Statement") for an award of its attorneys' fees and costs in connection with the making of the Motion.

The Motion requested sanctions against the Neeley Law Firm ("Neeley") for failure to provide adequate discovery responses in the above-captioned adversary proceeding. On March 1, 2016, the Court held an oral argument on the Motion and, thereafter, issued the Minute Entry awarding Russ Lyon its reasonable attorneys' fees and costs, and directed Russ Lyon to file this Statement. *See* Minute Entry.

This Statement is supported by the following Memorandum of Points and Authorities, the Declaration of Russ Lyon's counsel, Evan Schube (the "Schube Declaration"), attached hereto as **Exhibit A** and the entire record before the Court in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Pursuant to the Minute Entry, the Court has determined that the discovery responses of Gillette Investments, LLC, Robert Morales, and Andrew Morales, all of which were signed by the Neeley, violated Rules 26(g)(3) and 37(a) of the Rules.

2. The Court has determined that Russ Lyon is entitled to an award of its reasonable attorneys' fees and costs pursuant to Rule 37(a)(5) of the Rules in making the Motion. Fed. R. Civ. P. 37(a)(5).

3. As set forth in the Schube Declaration, Russ Lyon is requesting attorneys' fees in the amount of $7,912.50 (the "Fees").

**I.   LEGAL ANALYSIS**

Reasonable attorneys' fees are calculated using the lodestar method, which multiples the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S.

424, 430-33, 103 S.Ct. 1933 (1983); *Cunningham v. County of Los Angeles*, 879 F.2d 481 (9th Cir. 1988). The reasonableness of hours expended depends on the specific circumstances of each case. *Hensley*, 461 U.S. at 429-30.

### A. The number of hours billed are reasonable.

Reasonableness of the number of hours billed is determined by a variety of factors including the complexity of the issues raised, the need to review the record, the length of the pleading, the need to conduct legal research, the result obtained, and awards in similar cases. *See Hensley*, 461 U.S. at 43 n.3; *see also Aevoe Corp. v. AE Tech Co., Ltd.,* 2013 LEXIS 135755, 2013 WL 5324787 (D. Nev. Sept. 20, 2013) (awarding $10,512 in attorneys' fees and $1,395.52 in costs)[1]. An award of attorneys' fees under Rule 37 may include time spent on meet and confer efforts where the circumstances warrant. *See Collinge v. Intelliquiick Delivery, Inc.*, 2014 LEXIS 781129, 2014 WL 2569157 (D. Ariz., June 9, 2014) (awarding $13,253.63 in attorneys' fees and costs). Similarly, fees incurred in drafting this Statement are recoverable. *See Aevoe Corp.,* Supra. (citing *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986); *SOC-SMG, Inc. v. Christian & Timbers*, 2010 LEXIS 50062, *7 (D. Nev. May 20, 2010); *Matlink, Inc. v. Home Depot U.S.A., Inc.*, 2008 LEXIS 124318 (S.D. Cal. Oct. 27, 2008)).

As evidenced by the exhibits attached to the Motion and acknowledged by the Court, Russ Lyon undertook significant efforts to point out the specific deficiencies in the discovery responses prior to filing the Motion, which efforts are compensable. First, Russ Lyon addressed each of the three Third Party Plaintiffs' discovery responses via separate letters dated November 17, 2015. *See* Mot., Exhibits G, H, and I. Additionally, on November 17, 2015, counsel for Russ Lyon also participated in a telephone conference with Neeley, which constituted the parties' meet and confer.

Second, Russ Lyon is seeking its attorneys' fees and costs incurred from the initial meet and confer through the filing of this Statement given the circumstances that unfolded in the adversary proceeding. As the Court noted at the March 1, 2016, hearing (the "Hearing"), the inadequacy of the

---

[1] Pursuant to Fed. R. App. P. 32.1, citation to unpublished opinions issued on or after January 1, 2007, is permitted.

discovery responses signed by Neeley was obvious. Despite the obvious deficiencies, Neeley failed and refused to provide adequate disclosures prior to Neeley's withdrawal.

Although the Court noted that Neeley's withdrawal created a unique circumstance, this circumstance does not justify Russ Lyon having to incur costs for identifying obvious deficiencies for each of the Third Party Plaintiffs' discovery responses. Russ Lyon's efforts to point out the specific deficiencies, the assurance by Neeley that the discovery responses were complete[2], Neeley's invitation to file the Motion,[3] the magnitude of the claims brought by Neeley (approximately $7,890,000), the lack of disclosures relating to the claimed damages, and Neeley's uncontroverted assertion that Russ Lyon was brought into this case for the purpose of leverage against Butters, are directly attributable to Neeley's sanctionable conduct and the making of the Motion. Fees associated therewith should be, given the recognized inadequacies and other circumstances, included in the Court's award.

Third, Russ Lyon's efforts were an integral part of making the Motion and awarding fees associated therewith serves the deterrent function of Rule 37.[4] As the Court noted at the Hearing, the letters and e-mail correspondence drafted by Russ Lyon were specific and thorough, while the discovery responses were patently inadequate. The correspondence with Neeley had the effect of putting Neeley on notice, removed any ambiguity as to the deficiencies and information sought, and represented a significant effort to obtain adequate responses without the assistance of the Court. An award of fees that includes the time entries set forth in the Schube Declaration serves the deterrent function of Rule 37 in that it encourages the parties to provide adequate and responsive answers to discovery requests in the parties' initial discovery responses.

Finally, the time spent on the Motion and the *Reply In Support Of Motion To Compel Responses To Discovery Requests And Request For Sanctions* [Doc No. 50] was reasonable.[5] The

---

[2] *See* Mot. at ¶ 18

[3] *See* Mot. at Exhibit N, e-mail correspondence from N. Finch to E. Schube dated December 14, 2015, wherein Mr. Finch states "I look forward to seeing your motion to compel."

[4] *See Collinge*, 2014 LEXIS 781129, **3-4 n.8, 2014 WL 2569157 (citing *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

[5] Russ Lyon would like to bring to the Court's attention that it sought to avoid unnecessary fees by not filing a motion to strike Neeley's untimely *Response To Motion For Sanctions Against Neeley Law Firm, PLC* [Doc.

court in *Aevoe Corp.* determined that 33.75 hours drafting the motion to compel, 22 hours drafting the reply, 10 hours preparing for the hearing, 3 hours attending a 52 minute hearing, and 10 hours for drafting its fee request – a total of 78.75 hours -- was reasonable. *Aevoe Corp.*, 2013 LEXIS 135755 at **16-26.[6] By way of comparison, Russ Lyon spent approximately: (i) 12.5 hours drafting the Motion to Compel; (ii) 4.7 hours drafting the Reply; (ii) 3 hours preparing for the hearing; (iii) 1.2 for attending the hearing; (iv) 9.7 hours relating to the drafting of the statement of fees and costs; and (v) seeks a total of 39.7 hours – approximately ½ of what the court *awarded* in *Aevoe Corp.* The time spent by Russ Lyon was reasonable.

### B. The rates charged are reasonable.

The second step in the lodestar method is to determine the reasonableness of the rates charged. Reasonable attorneys' rates are determined based upon the prevailing market rates in the relevant community, taking into account the services, skill, experience, and reputation of comparable attorneys. *Blum v. Stenson*, 465 U.s. 886, 895-96, 104 S.Ct. 1541 (1984); *see also Alliance Labs, LLC v. Stratus Pharms., Inc.*, 2013 LEXIS 92028, 2013 WL 3298162 (D. Ariz., July 1, 2013) (concluding the median rate for Phoenix firms with more than eight attorneys is $333 for partners and $245 for senior associates). As set forth by the *Alliance* court and the Schube Affidavit, the rates charged are reasonable.

### C. There are no exceptional circumstances to adjust the presumptively reasonable amount of fees, as determined by the lodestar method.

Only under exceptional circumstances may the presumptively reasonable lodestar figure be adjusted by the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). *Fischer v. SJB-P.D. Inc*, 214 F.3d 1115, 119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088 (1986)).

---

No. 51]

[6] The fees sought are also in line with the fee application in *Alliance Labs*. In *Alliance Labs*, the *Alliance Labs* court reduced that portion of the 41 hours spent on the motion to compel because the drafting of the motion to compel occurred prior to the meet and confer. This premature drafting is not an issue here and Russ Lyon is only seeking to recover its fees and costs for 39.7 hours – less than the 41 sought in *Alliance Labs*.

No exceptional circumstances exist. The rates charged are reasonable, the amount of time spent is reasonable, there is no duplication of efforts or unnecessary time, there is an appropriate ratio of partner/associate time, Russ Lyon obtained a favorable result, and the Fees are consistent with, if not lower than, the fees sought and awarded in other similarly situated cases. *See Callinge*, 2014 LEXIS 78129 (awarding $13,253.63); *Aevoe Corp.*, 2013 LEXIS 135755 (awarding $10,512 in attorneys' fees and $1,395.52 in costs).

## II. CONCLUSION

In recognition of the work involved, Russ Lyon's efforts to resolve the discovery dispute without involving the Court, the results, the refusal and failure of Neeley to provide adequate or responsive answers, Neeley's invitation to file the Motion, and the circumstances of the case, an award of attorneys' fees and costs in the total amount of $7,912.50 is warranted.

DATED: March 8, 2016

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: /S/ Evan P. Schube
Richard V. Mack
Evan P. Schube
Attorneys for Third-Party Defendants

# CERTIFICATE OF FILING

I hereby certify that on March 8, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and emailed and mailed a copy of the attached document to:

U.S. Trustee
Office of the US Trustee
Ustpregion14.pxecf@usdoj.gov

Kenneth L. Neeley
Nathan Andrew Finch
NEELEY LAW FIRM, PLC
2250 E. Germann Road, Suite 11
Chandler, Arizona 85286
ecf@neeleylaw.com

Richard Gramlich
Tiffany & Bosco, P.A.
Camelback Esplanade II
2525 E. Camelback Road
Phoenix, AZ 85016-9240
rcg@tblaw.com
*Attorneys for Debtor*
*and Third Party Plaintiffs*

Sean T. Hood
Anthony W. Austin
FENNEMORE CRAIG
2394 East Camelback Road, Suite 600
Phoenix, Arizona 85016
shood@fclaw.com
aaustin@fclaw.com
*Attorney for Leslie C. Butters and*
*Lynn M. Butters*

/S/      Jillian Young