Richard V. Mack, No. 013313
 *rvm@manningllp.com*
Evan P. Schube, No. 028849
 *eps@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
3636 N. Central Avenue
11th Floor
Phoenix, Arizona 85012
Telephone: (602) 313-5469
Facsimile: (602) 313-5499

*Attorneys for Third-Party Defendants*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| Gillette Investments, LLC, | Case No. 2:14-bk-14411-BKM |
| Debtor. | Adversary No. 2:15--ap--00116--BKM |
| LESLIE C. BUTTERS and LYNN M. BUTTERS, a married couple, | **RESPONSE TO MOTION FOR CLARIFICATION AND MOTION TO EXTEND TIME** |
| Plaintiffs, | **AND** |
| v. | **AMENDMENT TO STATEMENT OF FEES AND COSTS** |
| ROBERT MORALES, an individual dba AGUA FRIA PLACER(S) MINING COMPANY; ANDREW P. MORALES, an individual and dba AGUA FRIA PLACER(S) MINING COMPANY; and GILLETTE INVESTMENTS, LLC, an Arizona limited liability company, | |
| Defendants/Counterclaimant/Third-Party Plaintiffs, | |
| v. | |
| RUSS LYON SOTHEBY'S HOLDINGS, LLC, dba Russ Lyon Sotheby's International Realty, and Arizona limited liability company, | |
| Third-Party Defendants. | |

Third-Party Defendants Russ Lyon Sotheby's Holdings, LLC ("Russ Lyon"), by and through undersigned counsel, hereby files this Response to the *Motion for Clarification and Motion to Extend Time to Respond to Statement of Reasonable Attorneys' Fees and Costs Pending Clarification* (the "Motion for Clarification") filed by the Neeley Law Firm (the "Neeley Law Firm"). The Motion for Clarification is unsupported by case law (there are no citations to case law), contradicts the plain language of the cited Federal Rules of Civil Procedure, contradicts case law from this jurisdiction imposing sanctions against attorneys and law firms pursuant to Rule 37(a)(5) of the Fed. R. Civ. P. (the "Rules"), and ignores well-established authority on the principal/agency relationship. The feigning of ignorance by Mr. Neeley and his attempt to throw his former associate under the bus runs counter to his ethical rules and is distasteful. In light of the Neeley Law Firm's filing of the Motion for Clarification, Russ Lyon seeks herein to amend the fees sought in its *Statement of Reasonable Attorneys' Fees and Costs* [Adv. Proc. Doc. No. 68] (the "Statement of Fees and Costs") for the time spent responding to the Motion for Certification. Russ Lyon seeks $1,997.50 in addition to the attorneys' fees set forth in the Statement of Fees and Costs.

**I.    The record is clear -- sanctions were *sought* and imposed against the Neeley Law Firm.**

The contention that the Court was unclear when it imposed sanctions against the Neeley Law Firm ignores the entire record before the Court.[1] In its *Motion to Compel Responses to Discovery Requests and Request for Sanctions* [Adv. Proc. Doc. No. 45] (the "Motion to Compel"), Russ Lyon sought sanctions against the Third Party Plaintiffs[2] "and their counsel." Mot. to Compel, 9:21-22.

---

[1] Russ Lyon believes the proceedings relating to the Motion to Compel were clear. Sanctions were sought against the Neeley Law Firm. Russ Lyon also believes that the Court was clear at the March 1, 2016, hearing (the "Hearing") when it informed the parties that it determined sanctions against the Neeley Law Firm were appropriate under the circumstances. Finally, Russ Lyon believes that the Minute Entry was clear in recording the Court's decision to sanction the Neeley Law Firm. To point out the absurdity of Mr. Neeley's contention, this Response focuses on the context surrounding the Hearing and the Minute Entry.

[2] The term "Third Party Plaintiffs" means Gillette Investments, LLC ("Gillette"), Robert Morales, and Andrew Morales, collectively.

After the Motion to Compel was filed, Neeley filed its *Motion to Withdraw as Counsel* [Adv. Proc. Doc. No. 47] (the "Motion to Withdraw"). The Motion to Withdraw states, in pertinent part, as follows:

> **Kenneth L. Neeley of Neeley Law Firm, PLC** ("Counsel") moves for an order allowing him to withdraw **as counsel**…

Mot. to Withdraw, 1:25-26. And, of course, Mr. Neeley signed the Motion to Withdraw as Attorneys for Gillette and Robert Morales. Notably absent from the Motion to Withdraw is any reference that Mr. Finch, and Mr. Finch alone, was counsel for Third Party Plaintiffs.

After filing the Motion to Withdraw, Russ Lyon filed its *Reply in Support of Motion to Compel Responses to Discovery Requests and Request for Sanctions* [Adv. Proc. Doc. No. 50] (the "Reply"). While it is clear in the Motion to Compel that sanctions were sought against the Neeley Law Firm, the following passages from the Reply remove any doubt:

> In the [Motion to Compel], Russ Lyon sought…sanctions against both the Third Party Plaintiffs **and their counsel, the Neeley Law Firm**. **The Neeley Law Firm has failed to respond** and, therefore, Russ Lyon is entitled to the relief sought in the Motion against same.[3]
> …
> **The Neeley Law Firm** not only repeatedly refused to provide adequate responses to the discovery propounded by Russ Lyon, but **the Neeley Law Firm affirmatively stated that the responses were complete** and invited the filing of the Motion.[4]
> …
> Even though the Neeley Law Firm has withdrawn as counsel and has not responded to the Motion [to Compel], **Russ Lyon is still entitled to the sanctions sought against the Neeley Law Firm**…The vast majority of the **wrongful conduct attributable to the Neeley Law Firm**…[5]
> …
> Having failed to respond to the Motion [to Compel], **Russ Lyon is entitled to the relief sought against the Neeley Law Firm**.[6]

After Russ Lyon filed the Reply, the Neeley Law Firm filed its untimely *Response to Motion*

---

[3] Reply, 1:7-11 (emphasis added).

[4] *Id.* at 1:12-15 (emphasis added).

[5] *Id.* at 3:11-15 (emphasis added).

[6] *Id.* at 4:17-19 (emphasis added).

*For Sanctions Against Neeley Law Firm, PLC* [Adv. Proc. Doc. No. 51] (the "Response to the Motion to the Compel"). The Response to the Motion to Compel is signed by Kenneth Neeley,[7] The Response to the Motion to Compel makes the following factual allegations:

> **The Neeley Law Firm provided several iterations** of discovery response [sic] to Russ Lyon.[8]
> …
> **Neeley Law made every effort to acquire information from Morales and Gillette and then provide as much detailed [sic] as was provided to it to Russ Lyon**…[9]

The admissions by Mr. Neeley in the Response to the Motion to Compel clearly demonstrate that the conduct at issue in the Motion to Compel belonged to, was attributable to, and adopted by the Neeley Law Firm. More pertinent to the Motion for Clarification, the Response to the Motion to Compel demonstrates that Mr. Neeley clearly understood that sanctions were being sought against the Neely Law Firm.

At the Hearing, Mr. Neeley affirmed the representations he made in the Response. Mr. Neeley stated as follows:

> **My position is pretty much laid out in my response**. So I'll make just two really brief points and that is that **my firm, Mr. Finch, and I provided every piece of information**…

*See* Hr'g Tr. [Adv. Proc. Doc. No. 65.] Mr. Neeley's representations to the Court demonstrate unequivocally that Mr. Neeley and the Neeley Law Firm were responsible for the discovery responses that led to the sanctions. And Mr. Neeley's oral statements to the Court at the Hearing mimic Mr. Neeley and the Neeley Law Firm's recognition and acknowledgement that "[t]he Neeley Law Firm provided several iterations of discovery response[s]." That sanctions were being sought and awarded against the Neeley Law Firm was clear, understood, recognized, and acknowledged by Mr. Neeley

---

[7] Pursuant to Rule 11 of the Rules, Mr. Neeley's signature on the Response constitutes a representation to the Court that Mr. Neeley certified to the best of his knowledge that the factual allegations therein were formed after a reasonable inquiry and have evidentiary support. Fed. R. Civ. P. 11(b). Although he also signed the Motion for Clarification, the factual allegations therein lack any support. The Court would be well within its purview to sanction Mr. Neeley and the Neeley Law Firm under Rule 11, 28 U.S.C. § 1927, or 11 U.S.C. § 105(a) for filing the Motion for Clarification.

[8] *Id.* at ¶ 3.

[9] *Id.* at ¶ 17.

and the Neeley Law Firm – there is no issue with clarity.

In responding to a question by the Court about the adequacy and responsiveness of the discovery responses after the letters drafted by Russ Lyon were received by the Neeley Law Firm, Mr. Neeley justified the Neeley Law Firm's discovery responses by informing the Court as follows:

> **We made every good faith effort** to provide all the information that we could. I don't know without going back and reading through the question again…

*See* Hr'g Tr. [Adv. Proc. Doc. No. 65.] Use of the word "we" – particularly in light of the numerous representations to the Court that the Neeley Law Firm provided several iterations of discovery responses – clearly demonstrates that the issue before the Court was whether the Neeley Law Firm should be sanctioned and that Mr. Neeley was well aware that sanctions were being sought against the Neeley Law Firm.

The entire record before the Court, including those portions of the record highlighted herein, demonstrates with absolute clarity that sanctions were sought and awarded in favor of Russ Lyon and against the Neeley Law Firm. Any suggestion that what took place prior to and at the Hearing, or the Court's Minute Entry, lacked clarity strains credulity.

## II. The Neeley Law Firm can be sanctioned under Rule 26(g)(3) and Rule 37(a)(5).

The interpretation of the Rules proffered by the Neeley Law Firm is at odds with the plain language of the rule and prior jurisprudence in this district. Rule 26(g)(3) states as follows:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction **on the signer, the party on whose behalf the signer was acting, or both.**

Rule 26(g)(3) (emphasis added). In its Motion for Clarification, the Neeley Law Firm conveniently leaves out the portion of Rule 26(g)(3) that allows the Court to impose sanctions on the signer *and* the party on whose behalf the signer was acting. There is no dispute that Mr. Finch signed the discovery responses. Similarly, there is no dispute that Mr. Finch was acting for the Neeley Law Firm. Indeed, Mr. Neeley's representations to the Court have acknowledged *at least* that much.[10] The plain language

---

[10] As discussed in greater detail below, the e-mails transmitting the initial disclosure statement, the initial

of Rule 26(g)(3) clearly allows sanctions against the Neeley Law Firm.

Sanctions against the Neeley Law Firm are also allowed under Rule 37(a)(5). In imposing sanctions under Rule 37(a)(5),[11] the Hon. John W. Sedwick interpreted Rule 37 as mandating sanctions "against the party **and attorney** whose conduct necessitated the motion." *Collinge*, 2014 LEXIS 78129, \*\*3-4 (internal quotations omitted); *see also*, *Alliance Labs, LLC v. Stratus Pharms., Inc.*, 2013 LEXIS 92028, \*\*3-4 (D. Ariz. July 1, 2013). The Hon. John W. Sedwick's interpretation of Rule 37(a)(5) is well grounded in the plain language of the Rule.

Rule 37(a)(5) states, in its entirety, the following:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion**, including attorneys' fees.

Rule 37(a)(5) (emphasis added). The plain language of the Rule clearly authorizes the Court to impose sanctions on the Neeley Law Firm because, as the Court determined, the Neeley Law Firm's conduct necessitated the Motion to Compel.

### III. The Neeley Law Firm is liable for Mr. Finch's conduct.

Mr. Neeley's attempt to absolve his firm of liability by throwing Mr. Finch under the proverbial bus is unsupported by case law and the facts, contrary to well-established Arizona jurisprudence and Mr. Neeley's ethical obligations, and is repugnant. Arizona case law has repeatedly held a law firm liable for the conduct of its attorneys. *See e.g. Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 184 Ariz. 120, 907 P.2d 506 (App. 1995) (concluding law firm vicariously liable in punitive damages for acts of the attorney that were performed in the ordinary course of the law

---

discovery responses, and the amended discovery responses to Russ Lyon all included Mr. Neeley. Not once has Mr. Neeley indicated either Mr. Finch or his paralegal were not acting on behalf of the Neeley Law Firm in drafting and transmitting the responses.

[11] As noted in the *Collinge* opinion, sanctions were not imposed on the defendants' counsel because the "[p]laintiffs explicitly ask[ed] that the award not be entered against [d]efendants' counsel, because Plaintiffs believe that the refusal to produce the third-party information was not a refusal recommended by defense counsel." *Collinge*, 2014 LEXIS 78129 at \*14. Obviously, that is not the

firms business). This is, of course, well-grounded in basic principles of the principal/agent relationship, which mandates the imposition of liability on the Neeley Law Firm for Mr. Finch's conduct. *See Warner v. Southwest Desert Images, LLC*, 218 Ariz. 121, 180 P.3d 986 (App. 2008).

According to the Arizona Corporation Commission, the Neeley Law Firm is a professional limited liability company. Pursuant to A.R.S. § 29-846, each member or manager or a professional limited liability company is personally liable for "any negligent or wrongful acts, omissions or misconduct committed by him or by any person under his direct supervision and control while performing professional services." A.R.S. § 29-846; *see also* A.R.S. § 10-2234 (setting forth identical principles for professional corporations). The plain language of the statute and the implications on the issues before the Court pursuant to the Motion to Compel and Motion for Clarification is clear -- Mr. Neeley is personally liable for both the conduct of the Neeley Law Firm's employees and the Court's imposition of sanctions on the Neeley Law Firm. Simply put, the unsupported contention that the Court cannot impose sanctions on either the Neeley Law Firm or Mr. Neeley, personally, lacks any support in Arizona jurisprudence.

Further, Mr. Neeley's contention that he cannot be held personally liable for Mr. Finch's conduct also runs afoul of the Rules of Professional Conduct (the "Ethical Rules"). The Ethical Rules mandate the imposition of liability on a partner for the conduct of a lawyer whom the partner has direct supervisory authority. ER 5.1(c)(2). In turn, Rule 3.4 prohibits a lawyer from failing to make a reasonably diligent effort to comply with a legally proper discovery request. As the Court noted at the Hearing, the discovery responses were patently inadequate. And given the subsequent responses provided by Mr. Gramlich (which demonstrates the client had additional relevant and responsive documents), the blame for the discovery responses falls squarely on the Neeley Law Firm and Mr. Neeley.

Mr. Neeley seeks to avoid liability because "he was not the signer of any of the discovery responses…and has never spoken with or emailed Evan Schube or Richard Mack – attorneys for Russ

Lyon." Mot. for Certification, 3:3-7. In addition to contradicting binding legal authority,[12] the contention is at odds with the facts. Attached to this Response as **Exhibit A** are three e-mails pertinent to the issues raised in the Motion to Compel and referenced allegation. The three e-mails enclosed in Exhibit A are from Teresa Maloney, the Supervising Paralegal for the Neeley Law Firm.[13] The three e-mails are dated November 13, 2015 at 4:25 p.m., November 13, 2015 at 4:29 p.m., and November 25, 2015, and transmit (i) the Third Party Plaintiffs' initial responses to Russ Lyon's discovery requests, (ii) Amended Initial Disclosure Statement, and (iii) amended responses to Russ Lyon's discovery requests, respectively. Mr. Neeley was cc'd on each of the three e-mails. Having been cc'd on the e-mails and not having made any attempt to address the issues raised in the Motion to Compel, Mr. Neeley and the Neeley Law Firm had actual knowledge of the content of the discovery responses, at least imputed knowledge of the content of the discovery responses, and, as a result, can be held liable.

**IV.     This pleading falls squarely within the gambit of Rule 37(a)(5) and time spent by undersigned counsel should be included in the sanctions.**

Russ Lyon does not intend to set forth, again, the legal authority supporting the scope of fees that are recoverable pursuant to the Court's ruling on the Motion to Compel. Russ Lyon incorporates the arguments raised in its Statement of Fees and Costs herein by this reference.

This Response plainly constitutes part of the making of the Motion to Compel and, as a result, time spent should be included in the sanctions imposed against the Neeley Law Firm. The table below sets forth the number of hours spent, hourly rate, and a description of the services performed in the preparing and filing of this Response. The Declaration of E. Schube is attached hereto as **Exhibit B** in

---

[12] The contention flatly contradicts basic Arizona case law. An entity is bound by the knowledge acquired by its officers or agents. *Smith v. American Exp. Travel Related Services Co. Inc.,* 179 Ariz. 131, 876 P.2d 1166 (App. 1984). As a result, the Neeley Law Firm is bound by the content in its discovery responses, as well as the content of the numerous letters and e-mails sent by Russ Lyon. As a result, Mr. Neeley and the Neeley Law Firm are charged with knowledge – whether he was the actual signer is of no consequence.

[13] Mr. Neeley cannot legitimately argue that Teresa Maloney is not under his direct supervision and control.

support of the additional fees sought herein. Russ Lyon respectfully requests the Court to add the amount set forth in the table below to the fees sought in the Statement of Fees and Costs:

| Date | Atty | Hours | Rate | Amount | Description |
| --- | --- | --- | --- | --- | --- |
| 03-10-2016 | EPS | .3 | 175 | 52.50 | Review and analyze Motion for Clarification. |
| 03-10-2016 | EPS | 5.9 | 175 | 1032.50 | Begin draft of response to Motion for Clarification |
| 03-11-2016 | EPS | 3.0 | 175 | 525.00 | Continue draft of response to Motion for Clarification. |
| 03-11-2016 | EPS | .5 | 175 | 87.50 | Draft declaration in support of amended fees. |
| 03-11-2016 | EPS | 1.0 | 175 | 175.00 | Edit and revise response to motion for clarification. |
| 03-11-2016 | RVM | .5 | 250 | 125.00 | Review, edit, and revise response to motion for clarification. |
| **TOTAL** | | | | **1,997.50** | |

**V. Conclusion.**

Russ Lyon respectfully requests the Court enter an award of attorneys' fees in favor of Russ Lyon and against the Neeley Law Firm pursuant to Rule 26(g)(3), Rule 37(a)(5), 28 U.S.C. § 1927, or the Court's inherent power pursuant to 11 U.S.C. § 105. Russ Lyon specifically requests that the $1,997.50 in attorneys' fees it has incurred in filing this Response be added to the amounts set forth in its Statement of Fees and Costs because the Motion for Clarification lacked any basis in fact or law and unreasonably caused unnecessary costs to be incurred.

DATED: March 10, 2016

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: /S/ Evan P. Schube
Richard V. Mack
Evan P. Schube
Attorneys for Third-Party Defendants

# CERTIFICATE OF FILING

I hereby certify that on March 10, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and emailed a copy of the attached document to:

U.S. Trustee
Office of the US Trustee
Ustpregion14.pxecf@usdoj.gov

Kenneth L. Neeley
NEELEY LAW FIRM, PLC
2250 E. Germann Road, Suite 11
Chandler, Arizona 85286
ecf@neeleylaw.com

Richard Gramlich
Tiffany & Bosco, P.A.
Camelback Esplanade II
2525 E. Camelback Road
Phoenix, AZ 85016-9240
rcg@tblaw.com
*Attorneys for Debtor
and Third Party Plaintiffs*

Sean T. Hood
Anthony W. Austin
FENNEMORE CRAIG
2394 East Camelback Road, Suite 600
Phoenix, Arizona 85016
shood@fclaw.com
aaustin@fclaw.com
*Attorney for Leslie C. Butters and
Lynn M. Butters*

/S/      Jillian Young